IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EMMITT RILEY                                                                                               PLAINTIFF
ADC #171270

v.                                          4:22-cv-01109-JM-JJV

ANDREA CULCLAGER,
Warden, Cummins Unit; *et al.*                                                              DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

Emmitt Riley ("Plaintiff") is a prisoner in the Cummins Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1.) Specifically, Plaintiff says that on November 28, 2019, he was attacked by another prisoner and severely injured while working in the kitchen at the Cummins Unit. As Defendants, he has named Warden Andrea Culclager, Correctional Officer Child, ADC Director Payne, and Does, who are identified as "any and all other defendant's within their individual and official capacities." (Doc. 1 at 1.) After careful consideration and for the following reasons, I

1

recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

First, although prison officials have an Eighth Amendment obligation to "take reasonable measures to guarantee inmate safety," they are not liable "every time one inmate attacks another." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). Thus, to plead a plausible failure to protect claim, a prisoner must provide facts suggesting: (1) objectively, there was a substantial risk he would be seriously harmed by another inmate; and (2) subjectively, each defendant knew of and disregarded that substantial risk of serious harm. *Axelson v. Watson*, 999 F.3d 541, 546 (8th Cir. 2021); *Blair v. Bowersox,* 929 F.3d 981, 987 (8th Cir. 2019). The Complaint does not provide any facts suggesting there was, objectively, a substantial risk that Plaintiff would be attacked by another inmate in the Cummins Unit kitchen or that any of the Defendants subjectively knew of but deliberately disregarded that risk. *See Patterson,* 902 F.3d 845, 851-52 (8th Cir. 2018) (no valid claim when a prisoner was the victim of a "surprise attack" by another inmate); *Blair,* 929 F.3d at 988-89 ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment"). Thus, the Complaint does not contain a plausible failure to protect claim.

Second, Plaintiff says his due process rights were violated because, after he returned from the hospital, he was placed in administrative segregation without a hearing or explanation. Prisoners have a Fourteenth Amendment right to receive due process <u>only</u> if a liberty interest is

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

implicated. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Prisoners have a liberty interest in avoiding temporary placement in administrative segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485; *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). Plaintiff has not provided any facts suggesting the conditions in administrative segregation were an atypical and significant hardship. And the Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship." *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019). Thus, Plaintiff has not pled a plausible due process claim.

Third, Plaintiff says Defendants violated his Eighth Amendment right to receive adequate medical care. To plead a plausible inadequate medical care claim, a prisoner must provide facts suggesting: (1) he had an objectively serious need for medical care; and (2) each defendant subjectively knew of, but deliberately disregarded, that serious medical need. *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). To establish deliberate indifference, there must be evidence the defendants "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was inappropriate in light of that risk." *Shipp,* 9 F.4th at 703 (emphasis in the original). And a mere disagreement with the course of medical care does not rise to the level of a constitutional violation. *Barr*, 909 F.3d at 921-22. Plaintiff says he was taken to a local hospital for treatment immediately after the attack and on the following day when he began to cough up blood. He also says, a few days later, he was taken to the prison infirmary and released to general population. Because Plaintiff has not explained how any of the Defendants were deliberately indifferent to his serious medical needs, he has failed to plead a

plausible inadequate medical care claim.

Fourth, Plaintiff says, without any explanation, his right to "Equal Protection" was violated. (Doc. 1 at 5.) But such conclusory allegations without factual support are insufficient to plead a plausible claim. *Iqbal*, 556 U.S. 662, 678 (2009) ("labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008) (to plead a plausible equal protection claims, there must be facts a prisoner was treated differently from similarly situated inmates and such treatment was the result of intentional and purposeful discrimination).

Fifth, Plaintiff says Defendants violated ADC policies and directives. But a § 1983 claim must be based on the violation of a constitutional right, and prisoners do not have a constitutional right to enforce compliance with internal prison rules and regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997).

Sixth, there is no vicarious liability in § 1983 actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has not provided any facts explaining how Correctional Officer Child or Director Payne were personally involved in any of the alleged constitutional violations. Plaintiff makes the conclusory allegation that Warden Culclager failed to train her officers and have sufficient security officers on duty. To proceed with such a claim, a prisoner must provide facts establishing the supervisor received notice of a pattern of

4

unconstitutional conduct and/or inadequate training but failed, with deliberate indifference, to take sufficient remedial measures. *McGuire v. Cooper*, 952 F.3d 918, 922 (8th Cir. 2020); *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). And, a single incident or series of isolated incidents generally does not support such a theory of supervisor liability. *See Davis v. Buchanan Cty., Mo.*, 11 F.4th 604, 624 (8th Cir. 2021). Accordingly, Plaintiff has not pled a plausible claim against Defendant Culclager or any of the other Defendants.

Finally, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file an Amended Complaint correcting them, and cautioned him I would recommend dismissal if he did not do so. (Doc. 6.) The time for Plaintiff to file an Amended Complaint has passed. Thus, for the reasons explained herein, I recommend his Complaint be dismissed without prejudice for failing to plead a plausible claim for relief.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 29th day of March 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE